IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GERALD C. MCNEAL,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION 06-0154-WS-M** |
| | ) |
| **ZEDRICK ELGIN SPENCER, et al.,** | ) |
| | ) |
|    **Defendants** | ) |

**ORDER**

      This matter was removed based on diversity of citizenship. The Court sua sponte questioned its subject matter jurisdiction, specifically, the amount in controversy. (Doc. 4). The defendant sought and received permission to propound three requests for admission to the plaintiff concerning the damages incurred and sought. (Docs. 8, 9). The plaintiff's responses establish that his "total damages in this case, including all compensatory and punitive damages, against all defendants do not exceed $75,000, exclusive of interest and costs." (Doc. 8, Exhibit 1; Doc. 12). Other responses establish that the plaintiff does not seek and will not accept any greater award. (*Id*.).

      "[E]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American-Amicable Life Insurance Co.*, 218 F.3d 1287, 1291 (11th Cir. 2000). However, post-removal information — including a plaintiff's responses to requests for admission — may be considered in resolving the jurisdictional inquiry, so long as those responses reflect the amount in controversy as of the time of removal rather than a post-removal reduction in the amount of damages claimed. *Sierminski v. Transouth Financial Corp*., 216 F.3d 945, 947-49 (11th Cir. 2000). The Court is satisfied that the plaintiff's unqualified responses reflect the state of affairs obtaining as of the time of removal.

      As set forth in the Court's earlier order, the defendant bears the burden by proving by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional threshold. Because the plaintiff's responses to requests for admission establish that

the amount in controversy at the time of removal did not exceed $75,000, exclusive of interest and costs, and because the defendant has neither presented nor sought to present additional evidence on the issue, the defendant has not met its burden.  Accordingly, because subject matter jurisdiction in this Court is lacking, the motion to remand is **granted**.  This action is hereby **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 12th day of April, 2006.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE